IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GROVER GLATFELTER, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.  4:16-CV-00938 |
| | § | JUDGE MAZZANT/JUDGE JOHNSON |
| v. | § | |
| | § | |
| CITY OF PARIS AND  PARIS ECONOMIC DEVELOPMENT CORPORATION, | § § | |
| | § | |
| Defendants. | § | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant City of Paris' (the "City's") Motion to Dismiss (Dkt. 13) and Defendant Paris Economic Development Corporation's ("PEDC's") Motion to Dismiss (Dkt. 14). *Pro se* Plaintiff Grover Glatfelter, proceeding *in forma pauperis*, filed a Response (Dkt. 21). For the following reasons, the Court recommends the motions (Dkts. 13, 14) be **GRANTED**, and Plaintiff's claims be **DISMISSED**.

### I.     BACKGROUND

Plaintiff has sued the City, a home rule municipality, and PEDC, a non-profit economic development corporation. Plaintiff's Complaint is unclear; however, it seems Plaintiff alleges Defendants have "obstructed justice [and] failed in their fiduciary responsibilities" regarding $1.9 million that was found to be "unaccounted for" after a "'Forensic' Audit" was performed. *See* Dkt. 1.

Defendants have filed separate motions to dismiss with essentially the same arguments (Dkts. 13, 14). Defendants argue Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915.

1

Plaintiff filed a Response asserting similar statements made in the Complaint (Dkt. 21). Plaintiff essentially requests the Court to initiate a criminal investigation into Defendants' conduct.

## II.   LEGAL STANDARD

### A. RULE 12(B)(1)

A motion to dismiss under Rule 12(b)(1) challenges the subject-matter jurisdiction of the court. *See Ramming v. United States*, 281 F.3d 161 (5th Cir. 2001). The party asserting jurisdiction bears the burden of proof on the Rule 12(b)(1) motion to dismiss. *See id.* The court properly dismisses a case for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate the case. *See CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008).

A motion under Rule 12(b)(1) should be granted only if it appears beyond doubt the plaintiff cannot prove a plausible set of facts in support of his claim. *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). The court may find a plausible set of facts by considering: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *See id.* The court must accept all well-pleaded allegations in the complaint as true and construe those allegations in light most favorable to the plaintiff. *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994).

### B. RULE 12(B)(6)

Rule 12(b)(6) provides a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). The court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A complaint must provide a

short and plain statement of the claim showing the pleader is entitled to relief. *See* FED. R. CIV. P. 8(a). A complaint that does not allege "enough facts to state a claim to relief that is plausible on its face" will not survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

When considering a motion to dismiss, the court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

### III.   ANALYSIS

#### A. RULE 12(B)(1)

Plaintiff has failed to assert that there is diversity jurisdiction or that his claims are based on a federal question. Plaintiff and Defendants are all residents of Paris, Texas; thus, there can be no diversity claim. *See* 28 U.S.C. § 1332(a)(1); *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Further, Plaintiff fails to identify a specific federal statute or provision of the U.S. Constitution that Defendants allegedly violated. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988).

Plaintiff states Defendants have "obstructed justice." However, "obstruction" statutes do not provide for private causes of action or civil remedies. *See, e.g.,* 18 U.S.C. §§ 1501-1513; 1515-1517; *see also Johnson v. Craft*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997). Moreover, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *United States v. Nixon*, 418 U.S. 683, 693 (1974). As a private citizen, Plaintiff has no authority to initiate a federal criminal prosecution of Defendants for alleged unlawful acts of any kind, including obstruction of justice. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

Defendants also acknowledge Plaintiff's claims could be construed as a violation of the False Claims Act ("FCA"), although the FCA was never mentioned in Plaintiff's Complaint. The FCA is a federal anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government. *See* 31 U.S.C. § 3729 *et seq.* The FCA allows a private individual to bring a lawsuit alleging FCA violations on behalf of the United States government and in the name of federal government in what is known as a *qui tam* action. *See Riley v. St. Luke's Episcopal Hosp.*, 196 F.3d 514, 517 (5th Cir. 1999). As a matter of law, the individual must comply with the general rule prohibiting non-lawyers from representing other litigants, such as the United States government. *See United States ex rel. Hao Liu v. Med. Ctr. of Plano*, 2010 WL 4226766, at *2 (E.D. Tex. Sept. 27, 2010). Because Plaintiff is proceeding *pro se*, he cannot pursue a *qui tam* action on behalf of the government.

To the extent a litigant can attempt to demonstrate that only his own personal individual interests or rights are at stake, he may proceed *pro se* under the FCA. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). In the present case, Plaintiff has not alleged, and cannot demonstrate, that he has an individual personal interest in the federal grant funds about which he is seeking judicial intervention. Accordingly, to the extent Plaintiff's Complaint can be construed as a *qui tam* action, it cannot serve as a basis to establish the Court's subject matter jurisdiction. Thus, Plaintiff's claims should be dismissed because the Court does not have subject matter jurisdiction over his claims.

### B. RULE 12(B)(6)

The only possible claims to be construed from Plaintiff's Complaint are "obstruction of justice," unnamed criminal violations, and a possible *qui tam* action. As previously stated, there is no private cause of action for obstruction of justice and other possible criminal violations. Rather,

such claims are in the province of state and federal prosecutors, not private citizens. To the extent that Plaintiff's claims can be read as asserting a *qui tam* action, Plaintiff has not alleged such a violation against either Defendant, and Plaintiff does not have standing to bring such a claim. Thus, Plaintiff's claims should also be dismissed pursuant to Rule 12(b)(6).

The Court has evaluated the substance of Plaintiff's allegations, rather than the form. In its findings herein, the Court has been mindful that *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Tassio v. Onemain Fin., Inc.*, 2016 WL 410024, *1 (E.D. Tex. Feb. 3, 2016). Indeed, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (internal citations omitted). Nonetheless, *pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). The Court has evaluated Plaintiff's pleadings herein accordingly. Even construing all the facts in a light most favorable to Plaintiff, the Court finds Defendants' motions should be granted.

## IV.     RECOMMENDATION

For the foregoing reasons, the Court finds Defendants' motions (Dkts. 13, 14) should be **GRANTED**, and Plaintiff's claims should be **DISMISSED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report

shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 31st day of May, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE